**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  0:19-cv-60863-KMW**

DANIEL MONCADA,                                              Honorable Kathleen M. Williams

      Plaintiff,

v.

TOMMY BAHAMA R&R HOLDINGS, INC.,
a Foreign For-Profit Corporation,

      Defendant.

_____/

## DEFENDANT'S ANSWER & DEFENSES TO COMPLAINT

Defendant, Tommy Bahama R&R Holdings, Inc. ("Defendant"), by and through counsel, and for its Answer and Defenses to Plaintiff Daniel Moncada ("Plaintiff") Complaint ("Complaint"), makes the following admissions, denials, and other averments:

1.      In response to Paragraph 1 of the Complaint, Defendant denies each and every allegation.  In addition, Defendant denies that a website can be sued under the laws asserted by Plaintiff.  *See Martinez v. San Diego County Credit Union*, Superior Court of California, County of San Diego, Case No. 37-2017-00024673-CU-CR-NC (Cal. Sup. Nov. 19, 2018).  San Diego County Credit Union Opinion attached as Exhibit A.

2.      In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3.      In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff is disabled

and on that basis, denies those allegations.  As to the remaining allegations Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant admits only that it operates stores in the United States, including the State of Florida.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

10.     In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11.     In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  The subject website speaks for itself.

13.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  The subject website speaks for itself.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  The subject website speaks for itself.

15.     In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  The subject website speaks for itself.

16.     In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19.     In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21.     In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23.     In response to Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24.     In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.     In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41.     In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.     In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46.     In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

## Trespass Violations

48.     In response to Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation.

## COUNT I – VIOLATION OF THE ADA

55.     In response to Paragraph 55 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 54 of this Answer as set forth above.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     In response to Paragraph 57 of the Complaint, In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  The subject website speaks for itself.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

72.     In response to Paragraph 72 of the Complaint, Defendant denies each and every allegation.

73.     In response to Paragraph 73 of the Complaint, Defendant denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant denies each and every allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

## COUNT II – TRESPASS

77.     In response to Paragraph 77 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 76 of this Answer as set forth above.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.     In response to Paragraph 79 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant denies each and every allegation.

85.     In response to Paragraph 85 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following defenses to all of Plaintiff's claims and causes of actions.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.     Plaintiff lacks standing to pursue his alleged claims.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Effective Access)

3.     The alleged barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint did not comply with applicable access standards, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

### FOURTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

4.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for nor sought any assistance.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

(Unclean Hands)

6.      Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement. Furthermore, while Plaintiff purports to bring these claims on behalf of himself on account of the alleged inaccessibility of Defendant's website, Plaintiff's counsels' own websites are not compliant with the standards Plaintiff seeks to impose on Defendant.  In fact, Plaintiff's counsels' own website contains the following failures to comply with the standards Plaintiff seeks to impose on Defendant:





### SEVENTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

7.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

### EIGHTH AFFIRMATIVE DEFENSE

(Undue Burden)

8.      Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made, those changes were not and are not required under federal or state law, and any requirements to make those changes would impose an undue burden upon Defendant.

### NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9.      Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought assistance.

## TENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

10.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would result in a fundamental alteration of Defendant's services.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

11.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ripeness)

13.     Plaintiff's claims are barred under the doctrine of ripeness.  The Department of Justice has yet to promulgate any standards and/or regulations governing the use of websites.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

14.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.  The Department of Justice has yet to promulgate any standards and/or regulations governing the use of websites.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

15.     Plaintiffs' claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals).  *See* Exhibits B, C, and D.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Content on the Website is Provided by Another Information Content Provider)

16.     Plaintiff's claims are barred pursuant to 47 U.S.C. § 230, a Provision of the Communication Decency Act, as content on the website is provided by another information content provider.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Effective Communication)

17.     Plaintiff's claims are barred because Defendant provided and/or was willing to provide effective communication, but Plaintiff never asked for nor sought assistance.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Arbitration)

18.     Plaintiff may be obligated to arbitrate his claims.

### NINETEENTH AFFIRMATIVE DEFENSE
(Privilege)

19.     Plaintiff's claims are barred because Defendant's conduct was privileged.

### TWENTIETH AFFIRMATIVE DEFENSE
(Comparative Fault/Conduct of Third Parties/Bad Faith)

20.     The damages, if any, allegedly sustained by Plaintiff were proximately caused or contributed to, in whole or in part, by the negligence and/or other culpable conduct of persons other than Defendant, including without limitation Plaintiff, thereby requiring that the comparative fault of all persons be determined and apportioned.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Duty to Mitigate Damages)

21.     Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Waiver)

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Consent/Good Faith/Mistake)

23.     Plaintiff's claims are barred because he consented to Defendant's conduct and/or Defendant had a good faith belief that Plaintiff consented to Defendant's conduct.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

lawsuit.

Dated:  May 3, 2019

Respectfully Submitted,

By _____ /s/ *Nelson C. Bellido* _____

Nelson C. Bellido
ROIG Lawyers
44 W. Flagler Street, Suite 2100
Miami, Florida  33130
Tel:  (305) 405-0997 Ext. 1614
Fax:  (305) 405-1022
nbellido@roiglawyers.com

Gregory Hurley, SBN 126791
 (*Pro Hac* application forthcoming)
Michael J. Chilleen, SBN 210704
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
(714) 513-5100 | main
(714) 424-8205 | direct
(714) 428-5981 | direct fax
www.sheppardmullin.com
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

*Attorneys for Defendant,*
*Tommy Bahama R&R Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

**LAW OFFICE OF PELAYO DURAN, P.A.**
Pelayo M. Duran, Esq.
Co-Counsel for Plaintiff
4640 N.W. 7th Street
Miami, FL  33126-2309
Telephone:  (305) 266-9780
Facsimile:  (305) 269-8311
Duranandassociates@gmail.com

**RODERICK V. HANNAH, ESQ., P.A.**
Counsel for Plaintiff
8751 w. Broward Blvd., Suite 303
Plantation, FL  33324
Telephone:  (954) 362-3800
Facsimile:  (954) 362-3779
rhannah@rhannahlaw.com

By:      /s/*Nelson C. Bellido*
Nelson C. Bellido