UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-60863-KMW

**DANIEL MONCADA**,

    Plaintiff,

vs.

**TOMMY BAHAMA R&R HOLDINGS, INC.,**
a foreign for-profit corporation,

    Defendant.
_____/

**<u>PLAINTIFF'S CORRECTED RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO APPEAR *PRO HAC VICE*</u>**

Plaintiff DANIEL MONCADA, through undersigned counsel, for his corrected Response in opposition to Defendant's September 16, 2019 Motion to Appear *Pro Hac Vice* of Gregory Hurley, Esq., [ECF No. 31] on the following grounds:

Defendant and its local counsel filed yesterday at 9:22 p.m. – ***more than four months*** after Mr. Hurley first filed an appearance in this case via the filing of Defendant's Answer and Affirmative Defenses [ECF No. 7] -- a Motion to for the Court to grant non-Florida counsel, Gregory Hurley, of the California-based law firm Shepherd, Mullin, Richter & Hampton, LLP, permission to appear in this case *pro hac vice*. That Motion should be denied because it has become clear that in the past 365-day period, Mr. Hurley has been engaged in a "general practice" before the Courts of this District in violation of Rule 4(a) and (b) of this Court's Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys. Moreover, it has become clear that Mr. Hurley, as well as local counsel, Nelson Bellido, Esq., have knowingly and intentionally

1

circumvented and violated Atty Rule 4(a) and (b) by allowing Mr. Hurley to engage in the general practice before this Court without first securing this Court's permission as prescribed by the Rule.

Specifically, Rule 4(a) of this Southern District's Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys provides that only members of the bar of this Court may appear as attorneys before the Court "[e]xcept when an appearance *pro hac vice* is permitted." S.D. Fla. Atty Rule 4(a).  Rule 4(b)(1) further provides that an attorney who is not a member of the bar of this Court may apply for admission *pro hac vice* in a particular case, and then "be permitted to appear **and participate**" in the case, only via "submission of a *pro hac vice* motion **served by co-counsel admitted to practice in this District**".  S.D. Fla. Atty Rule 4(b)(1) (emphasis supplied).

Rule 4(b)(2) provides a general prohibition on "general practice" in the Southern District by an attorney who is not a member of the bar of this Court, and states in full:

> Lawyers who are not members of the bar of this Court shall not be permitted to engage in general practice in this District.  For purposes of this rule, the filing of more than three motions to appear *pro hac vice* within a 365-day period in separate representations before the Courts of this District shall be presumed to be a "general practice."  Upon written motion and for good cause shown the Court may waive or modify this prohibition.

S.D. Fla. Atty Rule 4(b)(2).

Here, Mr. Hurley, who is not admitted to practice in Florida or this District, has engaged in -- and continues to engage in -- a "general practice" before this Court in direct violation of Atty Rule 4(b)(2) in that he has appeared and participated, via *pro hac vice* applications filed by Mr. Bellido, in two prior Southern District cases -- *Pinero v. Home Depot U.S.A., Inc.*, Case No. 18-cv-62653-DPG (*see* ECF No. 14 dated February 13, 2019), and *DeFeo v. Ace Hardware Corporation*, Case No. 18-cv-81193-RLR (*see* ECF No. 12 dated October 10, 2018)[1] -- within the

---

[1] Copies of the Docket Reports in both these cases are attached as Exhibits "A" and "B".

past 365 days. In addition, he has actively appeared and participated in and litigated at least three more cases in this District, including the instant one, within the past 365 days. Specifically, without first securing *pro hac vice* appearance approval by the Court as required by Atty Rule 4(a), Mr. Hurley acted as the ***sole*** attorney for the defendants in court-ordered mediations in Miami on August 30, 2019 in both this case and another pending case before Judge Rodney Smith -- *Moncada v. Petsmart, Inc.,* Case No. 19-cv-60686-SMITH/Valle. After solely conducting the mediations, Mr. Hurley, in both this case and the *Petsmart* case, signed as the defendants' ***sole*** attorney the Reports of Mediation that were filed with this Court and in the *Petsmart* case.[2] In addition, Mr. Hurley has made an appearance in and has been actively involved in the litigation of another case in this District involving the same Plaintiff as here: *Moncada v. Regal Cinemas, Inc.*, Case No. 19-cv-61845-DPG. Although Mr. Bellido is again the local counsel for Mr. Hurley and his law firm in that case and the case has been pending for almost two months, no application for Mr. Hurley or anyone else from his law firm to appear *pro hac vice* has been filed and granted, notwithstanding the defendant's representations in court filings, including its Answer, that Mr. Hurley was co-counsel for the defendant with a "*pro hac* application forthcoming". *See, e.g.,* Case No. 19-cv-61845-DPG, Defendant's Answer and Affirmative Defenses to Complaint, ECF No. 7.[3]

Where it has become clear that the attorney seeking to be admitted *pro hac vice* has engaged in a "general practice" in the courts of this District within a 365-day period, the attorney should not be allowed admission without first securing a Court waiver under S.D. Fla. Atty Rule 4(b)(2) upon written motion therefor and for good cause shown. S.D. Fla. Atty Rule 4(b)(2). *See also*

---

[2] For ease of refence, copy of Mr. Hurley's and his client's signed Reports of Mediation in this and the *Petsmart* case are attached as Exhibits "C" and "D".
[3] For ease of refence, a copy of the Answer and Affirmative Defenses in the *Regal Cinemas* case is attaches as Exhibit "E".

*Daniel v. Navient Solutions, LLC,* Case No. 8:17-cv-2503-T-24JSS, 2018 WL 4575038 at *1-2 (M.D. Fla. Sept. 24, 2018) (denying defendant's renewed motion to have attorney appear *pro hac vice* where attorney had appeared in seven prior lawsuits in one-year period and thus was engaged in prohibited "general practice" in the court); *Bedford v. Family Dollar Stores of Florida, LLC*, 89 F.Supp.3d 1356 (S.D. Fla. 2015) (although approving *pro hac vice* application in fourth case in one-year period, there was no opposition to motion and counsel was admonished that, per the requirements of S.D. Fla. Atty Rule 4(b), three applications within a year was presumed a "general practice" and that "Counsel is advised to seek admission to the Bar for future appearances."). Defendant has failed to do so in connection with its instant Motion, which clearly has been filed by Defendant's counsel as a preemptive effort to avoid sanctions, including their disqualification as Defendant's counsel, and to gloss over their past improper conduct.

Specifically, Plaintiff has filed a Motion for Sanctions against Defendant and its counsel in this case based on their flagrant disregard of the requirements and prohibitions of S.D. Fla. Atty Rule 4(a) and (b). *See* ECF No. 32. On September 16, 2019, prior to filing their Motion for Sanctions and in accordance with their good faith conferral obligation under S.D. Fla. Local Rule 7.1(a)(3), the undersigned sent an email to Defendant's counsel on September 16, 2019, a copy of which is attached as Exhibit "F", informing Defendant's counsel of their intention to seek their disqualification for their knowing and intentional violation of the requirements of Atty Rule 4(a) and (b) and for Mr. Hurley's engagement in a general practice before this Court without the Court's authorization. However, instead of responding to the undersigned's email, Defendant, through local counsel Mr. Bellido, filed the instant Motion for the *pro hac vice* admission of Mr. Hurley in an obvious preemptive effort to "cover their tracks" as to their prior bad faith, inappropriate and unauthorized conduct based on Mr. Hurley's appearance and active participation in this and the

*Petsmart* and *Regal Cinemas* cases.  This belated effort to now correct and gloss over past wrongs should be seen for what it is:  an admission that Mr. Bellido and Mr. Hurley previously had been acting inappropriately and a preemptive effort by them to cover for Mr. Hurley's past bad faith engagement in a general practice before this Court. The belated, after-the-fact filing of the instant Motion does not detract from the fact that Mr. Hurley, with Mr. Bellido's knowledge and assistance, engaged in the general practice of law in this District without first securing Court permission in violation of both the letter and spirit of S.D. Fla. Atty Rule 4(a) and (b). Accordingly, this Court should exercise its discretion to deny Defendant's Motion for Mr. Hurley's *pro hac vice* admission in this case.

      Respectfully submitted,

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>8751 W. Broward Blvd., Suite 303<br>Plantation, FL 33324<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email:  rhannah@rhannahlaw.com | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: pduran@pelayoduran.com |
| By____*s/ Roderick V. Hannah*_____<br>      RODERICK V. HANNAH<br>      Fla. Bar No. 435384 | By ____*s/ Pelayo M. Duran*_____<br>      PELAYO M. DURAN<br>      Fla. Bar No. 0146595 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Nelson C. Bellido, Esq.
ROIG LAWYERS
44 West Flagler Street, Suite 2100
Miami, FL  33130
(305) 405-0997 Ext 1614
nbellido@roiglawyers.com

*Attorneys for Defendant*
*TOMMY BAHAMA R&R HOLDINGS, INC.*

　　　　　　　　　　　　　　　　　　/s/ *Roderick V. Hannah*
　　　　　　　　　　　　　　　　　　　　Roderick V. Hannah