UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-cv-60863-KMW

**DANIEL MONCADA**,

    Plaintiff,

vs.

**TOMMY BAHAMA R&R HOLDINGS, INC.,**
**a foreign for-profit corporation,**

    Defendant.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff DANIEL MONCADA, for his Reply in support of his Motion for Sanctions [ECF No. 32], states as follows:

As expected, Defendant and its counsel now seek to avoid the imposition of appropriate sanctions, including the disqualification of Defendant's non-Florida counsel and the imposition of attorney's fees and costs, by claiming some form of negligent oversight or excusable neglect, specifically by the attorney at the heart of this issue, California lawyer Gregory Hurley.  Attached to Defendant's Response to Plaintiff's Motion for Sanctions [ECF No. 37] is Mr. Hurley's under oath declaration in which he profusely apologizes for his actions and his failure to secure *pro hac vice* admission in this case, purportedly because of his "inadvertent" failure to provide Defendant's local counsel, Nelson Bellido, with a *pro hac vice* certification.  *See* Defendant's Response at p.2; Declaration of Gregory F. Hurley, Esq. [ECF No. 37-1] at  ¶8.  In addition, Mr. Hurley in his declaration, and Defendant in its Response, downplay Mr. Hurley's involvement in the general practice of law before this Court by claiming that Mr. Hurley has only had four *pro hac vice*

1

admissions in courts of this District, including only two admissions within the past 365-day period in *DeFeo v. Ace Hardware,* Case No. 18-cv-81192-RLR, and *Pinero v. Home Depot USA*, Case No. 18-cv-62653-DPG, cases that Plaintiff referenced in his Motion. Defendant's Response and Mr. Hurley's declaration, however, do not present an accurate picture of Mr. Hurley's general practice in this District over the past 365 days, nor do they provide a logical and believable, let alone good faith, excuse for either his or Mr. Bellido's actions here and in the other Southern District case in which they were involved and in which Mr. Hurley's **identical** misconduct concurrently occurred – *Moncada v. PetSmart, Inc.*, Case No. 19-cv-60686-RS.

First, and conveniently not mentioned by Defendant in its Response or by Mr. Hurley in his declaration, is the fact that over the past 365-day period, Mr. Hurley has, together with Mr. Bellido, formally appeared as defense counsel in Answers filed with the courts of this District, or via *pro hac vice* admission, in **fourteen cases**, including the instant one, as set forth on the following chart:

| CASE NAME | CASE NUMBER | DATE HURLEY APPEARED AS COUNSEL |
|---|---|---|
| *Espinoza v. Adidas* | 18-cv-23644-FAM | 10/4/18 (filed appearance in Answer) |
| *DeFeo v. Ace Hardware* | 18-cv-81192-RLR | 10/10/18 (Hurley admitted *pro hac vice*) |
| *Longhini v. Home Depot* | 18-cv-24556-RS | 11/21/18 (filed appearance in Answer) |
| *Longhini v. Flagler & Douglas Corp. and Little Caesars* | 18-cv-25417-KMW | 01/18/19 (filed appearance for defendant Little Caesars in Answer) |
| *Pinero v. Home Depot* | 18-cv-62653-DPG | 02/13/19 (Hurley admitted *pro hac vice*) |
| *Gonzalez v. The Irvine Co.* | 19-cv-20422-JLK | 02/25/19 (filed appearance in Answer) |
| *Moncada v. PetSmart, Inc.* | 19-cv-60686-RS | 04/15/19 (filed appearance in Answer); and 08/30/19 (represented defendant alone at court-ordered mediation without court approval) |

| *Open Access for All v. Home Depot* | 19-cv-20728-DPG | 04/22/19 (filed appearance in Answer) |
|---|---|---|
| *Solano v. Tommy Bahama* | 19-cv-21093-KMW | 05/01/19 (filed appearance in Answer) |
| *Moncada v. Tommy Bahama* | 19-cv-60863-KMW (instant case) | 05/03/19 (filed appearance in Answer); and 08/30/19 (represented Defendant alone at court-ordered mediation without Court approval) |
| *Moncada v. Regal Cinemas* | 19-cv-61845-DPG | 08/14/19 (filed appearance in Answer |
| *Gomez v. Hillstone Restaurant Group* | 19-cv-23066-JEM | 08/15/19 (filed appearance in Answer) |
| *Lucius v. Taco Bell* | 19-cv-23531-UU | 09/16/19 (filed appearance in Answer) |
| *Lucius v. Dick's Sporting Goods* | 19-cv-23532-KMW | 09/20/19 (Hurley motion to be admitted *pro hac vice* but motion was denied on 09/30/19 because he was found to have engaged "formally and informally" in general practice in this District)[1] |

Second, as referenced in the last entry above, and which Defendant and its counsel also conveniently have failed to mention in their Response, just four days after Mr. Bellido and Mr. Hurley filed in this case their purportedly corrective and preemptive motion to have Mr. Hurley admitted *pro hac vice* – which was their ***third*** such motion within the past 365-day period -- Mr. Bellido and Mr. Hurley filed still ***another*** motion – their ***fourth*** such motion in direct contravention of S.D. Fla. Atty Rule 4(b) – to have Mr. Hurley admitted *pro hac vice* in another pending case in this same Court, *Lucius v. Dick's Sporting Goods, Inc.,* Case No. 19-cv-23532-

---

[1] Significantly, if one were to take this analysis back 18 months instead of one year, a Pacer search reveals that Mr. Hurley filed formal appearances with Mr. Bellido as local counsel on Answers filed with courts in this District an additional ***four times***. *See Fuller v. Reebok International Ltd., Inc.*, Case No. 18-cv-61975-UU, ECF No. 6; *Gomez v. RE/MAX, LLC*, Case No. 18-cv-22291-RNS, ECF No. 15; *Hernandez v. Ticketmaster. LLC,* Case No. 18-cv-20869-JAL, ECF No. 29; *Haynes v. Ashcomm, LLC*, Case No. 18-cv-60983-BB, ECF No. 15.

KMW. That motion was correctly denied on September 30, 2019 – one day **after** they filed their Response herein -- by order of Magistrate Judge Torres for the exact same reasons that Plaintiff has now opposed Mr. Hurley's admission *pro hac vice* here – that Mr. Hurley "has appeared in this district in more than three cases in the preceding 365-day period, both formally ***and informally*** through the representation of Defendants without a formal appearance." *Lucius v. Dick's Sporting Goods, Inc.,* Case No. 19-cv-23532-KMW, Order at ECF No. 12 (emphasis supplied). Defendant and its counsel's current, purportedly apologetic posture in their Response and Mr. Hurley's declaration thus fall flat and cannot cover the fact that, as evidenced by Magistrate Judge Torres' decision in the *Lucius* case, Mr. Hurley has already deliberately and knowingly engaged in – and apparently desires to continue to engage in – a general practice before the courts of this District in contravention of S.D. Fla. Atty Rule 4.

Third, Mr. Hurley's self-serving declaration and its repetition in Defendant's Response as an excuse to avoid sanctions is unpersuasive as it does not excuse his failure to be admitted *pro hac vice* not only in this case, but also in another pending case – *Moncada v. PetSmart, Inc.*[2] – in

---

[2] Plaintiff has filed a similar motion for sanctions in the *PetSmart* case, to which Defendant's same counsel as here has made an even less specific "excusable neglect" argument, only this time not based on any "excusable neglect" Mr. Hurley purportedly caused, but on the alleged "excusable neglect" by one of Mr. Hurley's colleagues, a Bradley Leimkuhler, who notably never made any appearance whatsoever in the *PetSmart* case until Mr. Bellido filed his belated, after-the-fact motion to suddenly have Mr. Leimkuhler admitted *pro hac vice*. *See Moncada v. PetSmart, Inc.,* Case No. 19-cv-60686-RS, ECF Nos. 23 and 26. Significantly, Mr. Hurley filed no supporting affidavit in support of the defendant's response in that case to excuse **his** inappropriate actions there, nor did the defendant provide any explanation whatsoever in its response for Mr. Hurley's sole appearance and representation of the defendant in the court-ordered mediation and his subsequent signing of the Mediation Report that was filed in that case. Furthermore, just as here, the defendant in *PetSmart* presented no reason or justification why its same local counsel as here, Nelson Bellido, an experienced federal court practitioner who has filed numerous *pro hac vice* motions for Mr. Hurley and other members of his firm over the past two years and who is charged with knowing the court rules of this District, did not take timely steps to ensure and properly move for Mr. Hurley or Mr. Leimkuhler's *pro hac vice* admissions.

which he, like here, actively engaged as defense counsel in this District without securing court authorization. Indeed, in their response in opposition to Plaintiff's similar pending motion for sanctions in the *PetSmart* case, the defendant provided no explanation whatsoever for Mr. Hurley's inappropriate actions there. Instead, another member of Mr. Hurley's law firm, a Bradley Leimkuhler, without submitting any supporting affidavit or declaration, uses virtually the same excuse as Mr. Hurley here for the non-filing of a *pro hac vice* motion – that ***Mr. Leimkuhler*** somehow "inadvertently" failed to seek his timely *pro hac vice* admission. *See Moncada v. PetSmart, Inc.*, supra, ECF No. 26 at p. 1.³ Mr. Hurley's claim of "excusable neglect" or "inadvertence" advanced here, when viewed together with virtually the same argument being advanced in the *PetSmart* case where the blame for Mr. Hurley's actions is being diverted away from Mr. Hurley onto Mr. Leimkuhler, cannot and should not be viewed as credible.

Fourth, Mr. Hurley's "inadvertence" excuse in his declaration and Defendant's Response do not excuse Mr. Hurley's sole representation of Defendant at the court-ordered mediation and Mr. Hurley's subsequent execution of the Mediation Report that was filed with the Court in both this case and the *PetSmart* case, which were held the same day. Indeed, this Court should know that this is not the first time that Mr. Hurley has flaunted this District's rules regarding *pro hac vice* admission. In a prior case in this District – *Fuller v. Fred Meyer Jewelers, Inc.*, Case No. 17-

---

³ Significantly, the defendant in the *PetSmart* case fails to present any facts whatsoever to support its purely conclusory contention in its response that Mr. Leimkuhler "inadvertently failed to timely seek an appearance *pro hac vice*, as required by Local Rule 4(b)." Significantly, Mr. Leimkuhler, unlike Mr. Hurley here, fails to submit any affidavit or declaration in support of the defendant's response to detail how his failure was "inadvertent" or in any way excusable. A logical reason for this is that Mr. Leimkuhler was never actively involved nor made any appearance in the *PetSmart* case until he was required to assume the role of Mr. Hurley's stand in once the undersigned notified defense counsel of their improper and unauthorized conduct and Mr. Hurley realized he could not be admitted both in this case and the *PetSmart* case based on the restrictions of S.D. Fla. Atty Rule 4.

cv-61834-WPD – Mr. Bellido, then, as here, acting as local counsel for Mr. Hurley's law firm, moved for and secured the *pro hac vice* admission of one of Mr. Hurley's law partners, Michael Chilleen. *See Fuller v. Fred Meyer Jewelers, Inc.*, Case No. 17-cv-61834-WPD, ECF Nos. 14 and 16. However, at the court-ordered mediation held in that case, it was not Mr. Chilleen who appeared on behalf of the defendant, but it was Mr. Hurley, who as here, appeared alone and who, as here, alone executed the Mediation Report of impasse on behalf of the defendant that was filed with the Court. *Id.* at ECF No. 23. Although that case was resolved shortly thereafter, it provides another example of Mr. Hurley's blatant disregard for this Court's admission rules and evidences that his professed innocent conduct here is anything but that.

Fifth and finally, Mr. Hurley's declaration and Defendant's Response are unworthy of belief as they nowhere provide an excuse for Mr. Bellido not seeking and securing his co-counsel's *pro hac vice* admission. Mr. Bellido is an experienced federal court practitioner who has acted as local counsel for Mr. Hurley and his law firm in at least 24 cases in this District over the last two years. In most of those cases he has filed and secured *pro hac vice* admissions for Mr. Hurley and various other members of his law firm; thus, Mr. Bellido is no stranger to the process and procedures of attorney *pro hac vice* admission. In addition, as local counsel admitted to this District, Mr. Bellido is charged with being familiar with the District's rules, including those involving *pro hac vice* admissions of out-of-state counsel. Indeed, Mr. Bellido was well aware that Mr. Hurley's *pro hac vice* admission was necessary as he represented on the Answer filed in this case that Mr. Hurley's *pro hac vice* admission "was forthcoming". *See* ECF No. 7. Notwithstanding this representation in a pleading he filed with this Court and his primary role as local counsel charged with following this Court's rules, Mr. Bellido has not provided any excuse, by way of affidavit or otherwise, as to why neither he nor any member of his support staff, who

likely have prepared all of his many prior *pro hac vice* applications for Mr. Hurley and his firm, did not take any steps to move for the *pro hac vice* admission of Mr. Hurley or any other member of his law firm, including steps to secure from Mr. Hurley his purportedly missing *pro hac vice* certification.

Thus, for this Court to believe Defendant and its counsel's "inadvertence" excuse here, it would have to believe that not only did Mr. Hurley act "inadvertently" but that Mr. Bellido and Mr. Bellido's entire staff did so, as well. Moreover, this Court would also have to believe that another attorney in Mr. Hurley's office, Mr. Leimkuhler, also, and at the same time, acted "inadvertently" in some unspecified way in not allowing Mr. Bellido to file a motion for his *pro hac vice* admission in the *PetSmart* case. Furthermore, this Court would also have to believe that Mr. Hurley's appearance alone in both this case and the *PetSmart* case in court-ordered mediations on the same day, and then alone signing the court-filed Mediation Reports of impasse in both cases, was somehow inadvertent and excusable. Defendant and its counsel's proffered excuses and inadequate explanations, let alone their inadequate and empty apologies, are simply incredible and should not deter this Court from exercising its inherent authority to impose appropriate sanctions for their blatant disregard of this Court's and the District's non-Florida attorney admission rules.

Notwithstanding their failure in their Response to provide good faith reasons for the actions of Messrs. Hurley and Bellido in this case, Defendant and its counsel argue that disqualification is not warranted as a sanction as it would leave Defendant without counsel and would expose it to proceeding *pro se*. Defendant, however, is a large multi-million dollar corporation that could easily secure substitute counsel experienced in ADA litigation should its present counsel be

disqualified,[4] so the prospect of Defendant having to proceed without counsel is virtually nil. Nonetheless, Plaintiff would concede that any disqualification sanction should be limited to Mr. Hurley and his firm, as it was his willful actions in flaunting the District's admissions rules by engaging in a general practice without Court authorization that lies at the heart of this matter. Defendant can continue to be represented by Mr. Bellido and his law firm.

As for the imposition of monetary sanctions as Plaintiff has requested in his Motion for Sanctions, Defendant and its counsel argue that there is no bad faith involved, and that, in any event, Plaintiff and his counsel have not suffered any prejudice as a result of Mr. Hurley's actions. As argued above, Defendant and its counsel's incredible and incomplete excuse masks conduct by Defendant's counsel, in particular Mr. Hurley, that can and should be viewed as having been taken in subjective bad faith sufficient to impose sanctions pursuant to this Court's inherent authority. As the Eleventh Circuit has recognized, the Court's use of its inherent power to sanction a party or attorney "is not a remedy for protracted litigation; it is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). Specifically, "[c]ourts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Id.* Defendant and its counsel should not be permitted to run roughshod over this Court's and the District's admission and practice rules and procedures, and then not be held accountable for their actions.

---

[4] Indeed, in at least two prior ADA lawsuits involving the same website as here, one in the Southern District of Florida and the other in the Southern District of New York, Defendant was represented by the nationwide law firm of Seyfarth Shaw LLP, which has a large group of attorneys specializing in ADA public accommodation cases, including those involving company websites. *See Gil v. Tommy Bahama R&R Holdings, Inc.,* Case No. 17-cv-212 21-DPG; *Marett v. Tommy Bahama Group, Inc.*, Case No. 1:16-cv-09212-P AE. Significantly, both prior cases were settled amicably and early, unlike the instant case.

Moreover, Plaintiff has suffered prejudice to the extent he and his counsel incurred significant time and expense in having to attend a court-ordered mediation that was an exercise in futility and was essentially meaningless as Defendant appeared without authorized counsel simply for the purposes of calling an impasse. Such conduct cannot and should not be viewed as having been undertaken in subjective good faith and warrants the imposition of appropriate monetary sanctions. Likewise, this Court should deny the pending Motion to have Mr. Hurley appear *pro hac vice* in this case for the same reasons that Magistrate Torres did so in the *Lucius v. Dick's Sporting Goods, Inc.* case also pending before this Court – because Mr. Hurley "has appeared in this district in more than three cases in the preceding 365-day period, both formally ***and informally*** through the representation of Defendants without a formal appearance."[5]

Respectfully submitted,

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.** | **LAW OFFICE OF PELAYO DURAN, P.A.** |
| Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 8751 W. Broward Blvd., Suite 303 | 4640 N.W. 7th Street |
| Plantation, FL 33324 | Miami, FL 33126-2309 |
| T. 954/362-3800 | T. 305/266-9780 |
| 954/362-3779 (Facsimile) | 305/269-8311 (Facsimile) |
| Email: rhannah@rhannahlaw.com | Email: pduran@pelayoduran.com |

By  *s/ Roderick V. Hannah*       By   *s/ Pelayo M. Duran*
    RODERICK V. HANNAH          PELAYO M. DURAN
    Fla. Bar No. 435384               Fla. Bar No. 0146595

---

[5] Indeed, although they had the opportunity to do so, it is telling that Defendant never filed any reply to Defendant's Response in Opposition to Defendant's Motion to have Mr. Hurley appear *pro hac vice* in the instant case. *See* ECF Nos. 31 and 33. Defendant nonetheless now untimely argues for such relief in its Response to the Motion for Sanctions.

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Nelson C. Bellido, Esq.
ROIG LAWYERS
44 West Flagler Street, Suite 2100
Miami, FL  33130
(305) 405-0997 Ext 1614
nbellido@roiglawyers.com

*Attorneys for Defendant*
*TOMMY BAHAMA R&R HOLDINGS, INC.*

                                                  /s/ *Roderick V. Hannah*
                                                    Roderick V. Hannah